JOHN BARRY *vs.* JAMES HOGAN & another & trustees.

If a writ in a trustee process, defective by reason of a wrong return day being named therein, is amended by the insertion of the correct day with the consent of the defendant and the trustees, the latter cannot be discharged on motion of the defendant upon the ground that there has been no valid attachment of the property in their hands.

TRUSTEE PROCESS against James Hogan and Thomas Hogan. By the writ, which was dated January 22, 1872, the defendants and John Tank and William H. Ward, as trustees, were summoned to appear at the Superior Court next to be holden at Worcester "on the second Monday of March next." At March term the trustees appeared specially and moved to dismiss the writ because there was no such return day as that named in the writ, and the defendants also moved to dismiss the writ for the same reason. The plaintiff then moved to amend the writ by substituting in the writ "the first Monday" for "the second Monday." The defendants consented to the amendment, and the trustees also consented thereto, "if it may be properly allowed;" and the defendants filed their answer. At the following September term the defendants moved that the trustees might be discharged, because the writ at the time of service was and still is void, and no valid attachment of the defendants' goods, effects or credits in the hands of the trustees was made. The Superior Court granted the motion, and the plaintiff appealed.

*G. W. Norris*, for the defendants.

*T. G. Kent*, for the plaintiff.

WELLS, J.    The writ having been amended by consent of all parties, the defect of want of jurisdiction over the persons of the trustees was cured.    The right to object to the validity of the proceedings on that ground was a personal right, which they might waive, and had waived, before the motion was filed upon which they were discharged.    The court below did not dismiss the writ, as to them, for defect in form of process; but discharged them as trustees; upon the ground, as we must suppose, that there was no valid attachment of the funds in their hands.    This we think was error.

Without determining what would be the result if it should appear, upon the answers of the trustees, that their situation had been changed as to their liabilities, by occurrences between the time of the service of the defective process and the amendment, we are of opinion that neither they nor the defendant can, in this mode, after consenting to the amendment, take advantage of the original defect as invalidating the effect of the process for any purpose.

The judgment of the Superior Court, discharging the trustees, is therefore reversed, and they are to be required to answer.